# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **DEBORAH KATE HENSLEY,** | ) |
| Plaintiff, | ) Case No. 2:13CV00003 |
| v. | ) **OPINION AND ORDER** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,**[1] | ) By:  James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff; Nora Koch, Acting Regional Chief Counsel, Region III, Patricia Stewart, Assistant Regional Counsel, and Alexander L. Cristaudo, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this Social Security disability case, I affirm the decision of the Commissioner.

I

Plaintiff Deborah Kate Hensley filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claim for a disability insurance benefits ("DIB") under Title II of the Social

---

[1] Carolyn W. Colvin became the Acting Commissioner on February 14, 2013, and is substituted for Michael J. Astrue as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

Security Act ("Act"), 42 U.S.C.A. §§ 401-434 (West 2011 & Supp. 2013). Jurisdiction of this court exists under 42 U.S.C.A. §§ 405(g).

Hensley filed for DIB administratively on September 16, 2008. After preliminary denials of her claims, she obtained a hearing before an administrative law judge ("ALJ") on January 28, 2011, at which she was represented by her present counsel and during which she testified along with an impartial vocational expert.[2] On February 14, 2011, the ALJ issued a partially favorable written decision finding that Hensley became disabled under the Act on August 22, 2010, but not before that date. Hensley requested review by the Social Security Administration's Appeals Council. The Appeals Council denied her request for review on December 19, 2012, thereby making the ALJ's decision the final decision of the Commissioner. Hensley then filed this action seeking judicial review of the Commissioner's decision.

The parties have filed cross motions for summary judgment, which have been briefed and orally argued. The case is ripe for decision.

II

Hensley claimed that she had been unable to work since July 23, 2008, based upon both exertional and nonexertional impairments, including depression,

---

[2] The record indicates at one point that the hearing was on January 28, 2012, (R. 30), but that is clearly a mistake.

anxiety, back pain, and degenerative joint disease. At the time of the hearing before the ALJ she was 55 years old. She has a high school education and worked for thirty-five years as a senior stock keeper for a large manufacturing company.

In his written decision, the ALJ reviewed Hensley's medical history and the testimony presented at the hearing and set forth at length the reasons for her factual findings. She found that Hensley was disabled within the meaning of the Act as of August 22, 2010, by applying the Medical Vocational Guidelines (the "Grids"), *see* 20 C.F.R. pt. 404, subpt. P, app. 2 (2013), based upon her age, but was not disabled before that date. Before that date, the ALJ found that Hensley had the residual functional capacity to perform light work, as defined by the regulations, with limitations appropriate to her impairments. Based upon the testimony of the vocational expert, the ALJ determined that Hensley had been capable of performing jobs existing in significant numbers in the national economy.

It is contended in the present case that the ALJ erred in failing to evaluate all of Hensley's impairments and in placing insufficient weight on the opinion of Hensley's treating psychiatrist, Ronald S. Smith, M.D.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for

disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. 20 C.F.R. § 404.1520(a)(4) (2013). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through the application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*,

402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976). It is not the role of the court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

I have carefully reviewed the record evidence and conclude that the ALJ's decision in this case is supported by substantial evidence and was reached through application of the correct legal standard.

## Dr. Smith's Opinions.

The plaintiff contends that the ALJ did not adequately consider the opinions of Dr. Smith, her treating psychiatrist. A treating physician's medical opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2) (2013). However, the ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Furthermore, no special weight is afforded to a

medical opinion on issues reserved to the Commissioner, such as whether a claimant is disabled.  20 C.F.R. § 404.1527(d)(1) (2013).

 The ALJ did not reject Dr. Smith's findings in total, and gave them "some weight."  (R. 22.)  He did reject Dr. Smith's opinions that Hensley would have poor ability to interact with supervisors, deal with stress, and maintain attention and concentration, based upon other evidence in the record.  (*Id.*)  The ALJ noted that Hensley had been diagnosed with generalized anxiety and depression in 2005, but continued to work until 2008 with approximately the same level of severity of symptoms.  (R. 21.)  The ALJ also noted that the medical records from Dr. Smith never showed evidence of acute psychological distress or limitations and that Hensley always received conservative treatment.  (R. 22.)

 Moreover, as explained in the ALJ's opinion, two reviewing state agency psychologists found no evidence in Hensley's medical history of acute psychological dysfunction and opined that her mental impairments resulted in no more than moderate limitations.  (R. 68-70; 89-91.)   While the evidence could have been resolved differently, I find that the ALJ's decision not to fully accept Dr. Smith's opinions was supported by substantial evidence.

COMBINED EFFECT OF IMPAIRMENTS.

 The plaintiff contends that the ALJ failed to consider the combined effect of her impairments.  However, the ALJ did accept that Hensley had a number of

severe impairments and numerated these impairments in her hypothetical question to the vocational expert. (R. 48-50.) The vocation expert opined that even with these limitations, the plaintiff had the residual functional capacity to perform work that existed in significant numbers in the national economy. (*Id*.) The ALJ did not err in accepting that opinion and finding the plaintiff not disabled prior to August 22, 2010.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied, and the defendant's Motion for Summary Judgment is granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

It is so **ORDERED**.

ENTER: November 12, 2013

/s/ James P. Jones
United States District Judge